## Ex parte OVERICK.

Where one of two persons liable to a joint action is about to quit the commonwealth without leaving sufficient real or personal estate therein to satisfy the demand, a capias may be issued against both.

AN application was made to the Court, on the 26th of January, 1838, by Mr. *Keating* on behalf of one William P. Overick, under the following circumstances.

The 3d section of the act of 16th of June 1836, entitled "An act [*176] *relative to the jurisdiction and powers of the Court," declares, " that it shall be the duty of the Supreme Court, at their sessions in bank, from time to time to devise and establish by rule of Court, such new writs and forms of proceedings, as in their opinion shall be necessary or convenient to the full, direct, and uniform, execution of the powers and jurisdiction possessed by the said Court, or by the Courts of Common Pleas, District Courts, Orphans' Courts and Registers' Courts."

The application was in writing, as follows :—

" To the Honourable John Bannister Gibson, Chief Justice, and his associates, judges of the Supreme Court of Pennsylvania, now sitting in bank at the city of Philadelphia.

Application is made to this Court to devise and establish by rule of Court such new writ and form of proceeding as in their opinion shall be necessary and convenient to the full, direct, and uniform execution of the powers and jurisdictions possessed by the several Courts of this commonwealth, in actions instituted against two or more defendants, when the plaintiff, his agent or attorney shall be able and willing to make the affidavit, provided for in the second clause of the fourth section of the act of the 13th of June 1836, relating to the commencement of actions, in relation to one or more of the defendants but not to all of them; so that the writ shall contain a clause of capias against such of the defendants only as are included in the affidavit, and a clause of summons against such as are not included in the same, as being non-residents or about to quit the commonwealth without leaving sufficient real or personal estate therein to satisfy the demand.

The circumstances under which the application is made, are specified in the accompanying statement."

" In the District Court for the City and County of Philadelphia.

(Ex parte Overick.)

William P. Overick    ⎫
        v.         ⎬     Capias case,
Samuel Ovenshire and    ⎮     Bail $2,000.
Englebert Mentzer      ⎭

In the above case, the paintiff tendered to the prothonotary of the District Court on the      day of January, 1838, on affidavit made before an alderman of the city of Philadelphia, in which, after reciting a good and sufficient cause of action, and the amount in which the above-named defendants were indebted to him, it was set forth that to the best of the deponent's knowledge and belief, the *above-named Samuel Ovenshire, one of [*177] the above-named defendants, is about to quit the com- monwealth without leaving sufficient real or personal estate therein to satisfy the demand; which affidavit he asked might be filed of record.

At the same time he tendered a precipe to the prothonotary from one of the attorneys of the said Court, directing the pro- thonotary to issue a writ of *capias ad respondendum* against the said Samuel Ovenshire, with a clause of summons against the other defendant, Englebert Mentzer; at the same time offering to pay the proper and legal fee for the same.

The prothonotory peremptorily refused to issue the writ re- quired by the precipe, stating that he knew of no such writ.

On application made to the honourable the judges of the Dis- trict Court for the City and County of Philadelphia, on the 20th of January 1838, for a rule on the prothonotary of the said Court, to show cause why the writ in the above case should not issue in conformity to the precipe; the judges expressed their desire that the subject should be submitted to the Supreme Court, as one calling for the exercise on their part of the author- ity vested in them by the third section of the act of the 16th of June, 1836."*

Mr. *Keating* argued in support of the application: and this day the following opinion was delivered.

*In the former edition of these reports the following note was printed on the page of memoranda at the beginning of this volume:—"It is inac- curately stated in *Ex parte Overick*, page 177, that the Judges of the District Court expressed their desire that the subject of the application made to them should be submitted to the Supreme Court. The action of the District Court was limited to the refusal of the rule on the Prothonotary, with the intimation of an opinion, by one of the judges, that the capias would lie against both defendants, (which the Supreme Court afterwards affirmed); but the suggestion was thrown out, that if the plaintiff's coun- sel declined the risk of adopting that view, the only course left open to him, was the experiment of an application to the Supreme Court under the act of 16th of June, 1836."

(Jones *v.* Hartley.)

PER CURIAM.—We see nothing in the case submitted which requires a writ adapted to the circumstances of it. From first to last, the law has been, that he who joins in responsibility with a disfranchised associate, agrees to abide by his case. As remarked by President Hemphill, in *Fife* v. *Keating,* (2 P. A. Browne, 136,) the doubt at one time was, whether the plaintiff was not compellable to sue separately on a liability at once both joint and several; but it has long been settled, that the sacredness of individual privilege may not control an incidental choice of action. The difference here, is, that neither defendant was a subject of arrest when the debt was contracted; but there is no reason why the consequences of joinder in responsibility should not extend to prospective as well as present disfranchisement. Consenting to be partners in liability, joint trespassers or contractors, consent to be partners in the process to enforce it; and though a party knowing before hand that his fellows is disfranchised, knows exactly the position he assumes, yet he must also know, that where he is not disfranchised already, he may become so. And who is to take the risk of that? Certainly not the creditor, who reposed confidence in the separate responsibility of either, and who is not to be thrown upon a new and an untried proceeding, in his recourse to both. What difficulties [*178] might *spring from mandates so dissimilar as a capias and a summons in the same writ, cannot be foreseen; and therefore, without admitting the right of counsel to call upon us for forms in particular cases, it is sufficient to say, that as the plaintiff has a more beneficial writ in the usual form of a capias against both, we decline to interfere.

Application denied.